UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FUSCHIA NYOMA,
    *Plaintiff*,

v.

TRAVELERS INSURANCE COMPANY,
    *Defendant*.

No. 3:22-cv-607 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff Fuschia Nyoma has filed a *pro se* complaint against defendant Travelers Insurance Company. Because the complaint does not allege facts that give rise to plausible grounds for relief, the Court issues this order to show cause to require Nyoma to file an amended complaint that overcomes the concerns stated in this ruling or to file a response explaining why the complaint should not be dismissed.

### BACKGROUND

Nyoma has filed a two-page complaint.[1] It appears from the addresses that appear in her filings that Nyoma is a citizen of Omaha, Nebraska and that the defendant Travelers Insurance Company is a citizen of Hartford, Connecticut.

The complaint states that "we seek 250 million dollars for the pain and suffering and injury that we suffered at the hands of the defectively built and humanly impassable surface designed by the defendant."[2] It does not otherwise describe what happened except to ask for "judicial notice" of a separate lawsuit that Nyoma has filed in a state court in Nebraska.[3]

Attached as an exhibit to the complaint is a separate complaint purportedly filed by Nyoma in December 2021 in the "Nebraska District Court Douglas County," and which names

---

[1] Doc. #1.
[2] *Id.* at 1.
[3] *Ibid.*

1

as defendants "Badco Inc." and "Slate Architecture."[4] This separate complaint alleges that "I was walking on 36th and Farnam on the sidewalk" where "the sidewalk dipped and I fell and broke my ankle," and which happened "because of the unevenness of the concrete."[5] Nyoma seeks "10 million dollars in damages and whatever the court think is just" for this separate lawsuit.[6]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is proceeding *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Nyoma may promptly respond or file an amended complaint that addresses these concerns.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Nyoma alleges that she has been injured, she does not allege any plausible

---

[4] Doc. #1-1 at 1.
[5] *Ibid.*
[6] *Id.* at 2.

grounds for relief against the defendant Travelers Insurance Company. For example, she does not allege that she has an insurance policy with Travelers that covers this type of incident and injury. Nor does she allege that Travelers is liable to pay for any misconduct by the two defendants that Nyoma has sued in Nebraska (or, if so, that there are plausible grounds to conclude that Travelers is liable at this time rather than at a later time if Nyoma wins her lawsuit against the other defendants she has sued in Nebraska. Although the complaint refers in cryptic terms to Nyoma's injury from a "defectively built and humanly impassable surface designed by the defendant," it alleges no further facts to explain what this alleged "surface" was and why there are grounds to believe that an insurance company like Travelers indeed "built" any such "surface" that injured Nyoma. In short, Nyoma does not allege any facts to explain why Travelers should be liable to pay any damages, much less the sum of $250 million that she demands.

CONCLUSION

It appears that the complaint does not allege facts to establish plausible grounds for relief and is therefore subject to dismissal under 28 U.S.C. §1915(e)(2)(B). The Court intends to dismiss this action unless Nyoma either files an amended complaint that overcomes the concerns stated in this ruling or files a response explaining why the initial complaint should not be dismissed. Any amended complaint or other response to this order to show cause must be filed not later than **May 16, 2022.**

It is so ordered.

Dated at New Haven this 2nd day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge